UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

DAVID W. RAMSEY,            )
                            )
         Plaintiff,         )
                            )
v.                          )   C/A No. 8:07-cv-00265-GRA
                            )
                            )   **ORDER**
                            )
VANGUARD SERVICES, INC.,    )
                            )
         Defendant.         )
                            )

This matter comes before the Court on Defendant's Motion to Dismiss the Complaint based on Fed. R. Civ. P. 12(b)(6). Plaintiff alleges three causes of action: retaliatory dismissal in violation of public policy; breach of contract accompanied by a fraudulent act; and violation of S.C. Code Ann. § 39-5-140 (the Unfair Trade Practices Act). After reviewing the defendant's motion, the briefs of the parties, and the remainder of the record in this case, the Court hereby grants Defendant's Motion to Dismiss.

**FACTUAL BACKGROUND**

This case arises out of Plaintiff's termination from employment with Defendant. According to the Complaint, Plaintiff was terminated after having asserted an entitlement to a bonus. Plaintiff worked for Defendant, a temporary staffing agency, as a fork lift operator at the Michelin plant in Anderson, South Carolina. Compl. ¶ 2. Plaintiff further alleges that in July of 2006, Defendant announced it was losing Michelin's business and offered to pay Plaintiff a bonus

1

equal to $100 per week for continuing to work at Michelin during the transition period and until the Michelin work completely phased out. Compl. ¶5. In late November/early December 2006, Plaintiff alleges he inquired about the status of his bonus pay, as he had yet to receive it. Compl. ¶ 6-7. Defendant allegedly informed Plaintiff that he would not receive the incentive pay until his job was terminated and the Michelin work completely phased out. Defendant's Memorandum in Support of Motion to Dismiss ("Defendant's Memorandum"), p. 2. Plaintiff claims he was thereafter terminated for inquiring about the status of his bonus pay. Compl. ¶ 9. Defendants allege Plaintiff's job ended merely because the work at Michelin phased out, and further allege that Plaintiff received the entire amount of incentive pay owed to him. Defendant's Memorandum, p. 3, n.2.

## ANALYSIS

For the following reasons, the Court dismisses the Plaintiff's three causes of actions with prejudice.

### 1. Wrongful Termination in Violation of Public Policy

Under the employment at-will doctrine, "[a]t-will employment is generally terminable by either party at any time, for any reason or for no reason at all." *Prescott v. Farmers Tel. Coop., Inc.*, 335 S.C. 330, 334, 516 S.E.2d 923, 925 (1999). However, South Carolina law does recognize an exception to the employment-at-will doctrine in cases "[w]here the retaliatory discharge of an at-will employee constitutes a violation of a clear mandate of public policy." *Ludwick v. This Minute of Carolina, Inc.,* 287 S.C. 219, 225, 337 S.E.2d 213, 216 (1985).

2

Plaintiff's claim for wrongful discharge is based upon this exception. In his complaint, Plaintiff alleges that terminating someone for inquiring about wages believed to be owed is a violation of public policy. Compl. ¶ 11. This Court disagrees, and for the reasons stated below, finds this first cause of action must be dismissed.

The South Carolina Supreme Court has identified "at least two situations in which an action for wrongful discharge in violation of public policy can be maintained: (1) when an employer requires an employee to violate a criminal law as a condition of maintaining employment, and (2) when the act of terminating an employee is itself in violation of a criminal law." *Greene v. Quest Diagnostics Clinical Laboratories, Inc.,* 455 F. Supp. 2d. 483, 489 (D.S.C. 2006). Though the Supreme Court has "never held the exception is limited to these [two] situations," *Garner v. Morrison Knudsen Corp.*, 318 S.C. 223, 226, 456 S.E.2d 907, 909 (S.C. 1995), it has "refused to extend the public policy exception to instances where the employee has a statutory remedy." *Evans v. Taylor Made Sandwich Co.*, 337 S.C. 95, 102, 522 S.E.2d 350, 353 (Ct. App. 1999).

The Court finds Plaintiff had a statutory remedy available in which to address his grievances with Defendant– The South Carolina Payment of Wages Act. The Wages Act provides a statutory remedy for the recovery of wages. Plaintiff's Complaint never alleges that he actually filed a wage claim under the Act or even provides the Court with an explanation for failing to do so. Further, Plaintiff has cited no case suggesting that merely questioning whether wages are owed cloaks

3

an employee with public policy protection.  The Court finds the law of this State does not support such a broad interpretation of the public policy exception.  In fact, South Carolina law allows for an employer to withhold disputed wages without violating the law or public policy.  *Southern Glass and Plastic Co.,* 367 S.C. 421, 431, 626 S.E.2d 19, 24 (Ct. App. 2005).

The law and the public policy of this state is that, unless otherwise abrogated, persons are employed at-will.  If there is no meeting of the minds concerning employment terms and pay, then it is the employer's common-law right to cease the employment relationship at any time, for any reason.  It is inconsistent with this public policy and well-settled law in South Carolina to force an employer to continue an employment relationship with an employee under terms that are not agreeable to both.[1]  Therefore, Plaintiff's first cause of action is  DISMISSED.

### 2.     **Breach of Contract Accompanied by Fraud**

Plaintiff's second cause of action, breach of contract accompanied by a fraudulent act, must also be dismissed.  First, Plaintiff has failed to allege facts which would support the existence of a contract beyond employment at-will.  Secondly, Plaintiff has failed to provide the Court with any specific evidence or particular circumstances of the alleged fraudulent activity.

Employment in South Carolina generally falls into two categories: employment for a fixed term or employment-at-will.  *Young v. McKelvey*, 286 S.C. 119, 123, 333 S.E.2d 566, 568 (1985).  The cause of action for breach of a

---

[1]     Notably, the complaint does not suggest that Defendant did not pay the bonus upon termination.

4

contract accompanied by a fraudulent act cannot be recognized absent proof of an enforceable contract beyond employment-at-will. *Dodgens v. Kent Mfg. Co.*, 955 F. Supp. 560, 567 (D.S.C. 1997). Under the doctrine of employment-at-will, "the termination of an at-will employee normally does not give rise to a cause of action for breach of contract." *Id.* at 334-335, 516 S.E.2d at 925. "A contract of permanent employment or for a duration of years, which is not supported by any consideration other than the obligation of service to be performed on the one hand and wages on the other, is normally terminable at the will of either party." *Hudson v. Zenith Engraving Co.,* 272 S.C. 766, 768, 259 S.E.2d 812, 813 (1979). Plaintiff has failed to prove that his contract of employment was anything other than at-will. Plaintiff has offered no proof that his employment with Defendant was based on a contract of a fixed term. Without ever establishing the existence of a contract, Plaintiff cannot practically rely upon a claim for breach of such contract. For this reason alone, Plaintiff's cause of action for breach of contract accompanied by a fraudulent act must be dismissed.

In addition to failing to prove a contract existed outside of an at-will employment relationship, Plaintiff has failed to establish the existence of any fraudulent activity by Defendant. Under South Carolina law, in order to maintain a cause of action for breach of contract accompanied by a fraudulent act, "the plaintiff must establish three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Conner v. City of Forest Acres,*

5

348 S.C. 454, 465-66, 560 S.E.2d 606-612 (2002). The court in *Conner* defined a fraudulent act as "any act characterized by dishonesty in fact or unfair dealing." Plaintiff has offered no evidence to support that Defendant acted dishonestly or unfairly. Plaintiff's complaint alleges no fraudulent conduct, only an alleged disagreement as to the time of receipt of a bonus payment. Without any evidence of fraudulent conduct or intent, Plaintiff cannot maintain his claim for breach of contract accompanied by a fraudulent act. Therefore, Plaintiff has failed to establish any of the three elements set forth in *Conner* and cannot maintain his cause of action for breach of contract accompanied by a fraudulent act.

**3.     South Carolina Unfair Trade Practices Act**

Finally, Plaintiff's third cause of action for violation of S.C. Code Ann. § 39-5-140, South Carolina Unfair Trade Practices Act, must also be dismissed. South Carolina law clearly establishes that issues involving an employer/employee relationship fall outside the scope of the Unfair Trade Practices Act. *See Miller v. Fairfield Communities, Inc.*, 299 S.C. 23, 28, 382 S.E.2d 16, 20 (Ct. App. 1989), *cert. dismissed*, 302 S.C. 518, 397 S.E.2d 377 (1990) ("an employer/employee relations matter . . . is not covered by the Unfair Trade Practices Act"); *Davenport v. Island Ford, Lincoln, Mercury, Inc.,* 320 S.C. 424, 428, 465 S.E.2d 737, 740 (Ct. App. 1995) ("The [Unfair Trade Practices Act] does not apply to acts that take place in an employer-employee relationship."). Because Plaintiff's complaint clearly arises out of the employer-employee relationship between Plaintiff and Defendant, the Court finds the South Carolina Unfair Trade Practices Act is inapplicable.

6

Accordingly, the defendant's motion to dismiss on this third and final cause of action is granted.

## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant's Motion to Dismiss is hereby GRANTED on all three causes of action, and that this case be DISMISSED with prejudice.

IT IS SO ORDERED.

_____

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 22, 2007

Anderson, South Carolina